UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM J. CUNDIFF, ) | |
| ) | |
| Petitioner, ) | 3:11-cv-00408-RCJ-VPC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| WARDEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

Petitioner is a Nevada state prisoner and proceeds *pro se* in this action. This action was opened pursuant to an order of the Court, entered on June 6, 2011, in a civil rights case filed at Case No. 3:11-cv-00397-ECR-RAM. The Court's June 6, 2011 order noted that plaintiff had submitted a large stack of documents in that case, cited to what appeared to be copies of habeas corpus petitions, and out of an abundance of caution, directed the Clerk to open the instant action. (ECF No. 2).

This Court must conduct a preliminary review of habeas petitions, and if it plainly appears from the petition that the petitioner is not entitled to relief, the Court must dismiss the petition. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. This Court has reviewed the documents that were submitted in Case No. 3:11-cv-00397-ECR-RAM and referenced in the June 6, 2011 order that occasioned the opening of the instant action. The document at pp. 13-27 is a form for filing a motion to vacate a federal sentence pursuant to 28 U.S.C. § 2255. The motion references state convictions for robbery, and no federal conviction is challenged. The

document at pp. 34-46 also appears to be a motion to reduce or correct a federal conviction and sentence, however, the content of the document concerns petitioner's state court conviction for robbery.  Petitioner's documents fail to state a colorable claim for habeas relief under either 28 U.S.C. § 2254 or § 2255.  The remainder of the documents filed in this action are inapposite to any sort of habeas corpus petition, and all motions are denied.

In order to proceed with any appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*  This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE, IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that all pending motions, including the motions at ECF Nos. 7 and 13, are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated this 7th day of June, 2012.

_____
CHIEF UNITED STATES DISTRICT JUDGE